### C. ASKIN, ETC., v. A. P. ORAHOOD, ETC.

**Lost Instruments—Proof of Execution.**

Where the execution of a lost instrument is denied, its execution must be proved, or proof of its contents is admissible, although the petition alleging the loss of the instrument is verified.

**Specific Performance—Pleading.**

A petition for specific performance and to recover possession of certain real estate was held not to state a cause of action.

APPEAL FROM BRECKENRIDGE CIRCUIT COURT.

December 30, 1872.

OPINION BY JUDGE PETERS:

This suit in equity was brought by appellees against Cortney Askins, Columbus Eskridge, and the unknown heirs of Samuel Hamilton to recover the possession of one hundred and sixty acres of land in Breckenridge county from Askins and Eskridge, alleged to be wrongfully in their possession, and to coerce the legal title from the unknown heirs of Samuel Hamilton.

The court below adjudged the land to the plaintiffs in that court, awarded them a writ of possession and as against the unknown heirs of Samuel Hamilton adjudged that they should convey the title to appellees, Mrs. Jane Orahood and Mrs. Rebecca Fruit, and that appellees recover their costs, and from that judgment Edward DeHaven, etc., have appealed, they having been made defendants to the suit.

How that judgment can be sustained it is difficult to see. Appellees in their petition allege that the co-heirs of Samuel Hamilton on a partition of 800 acres of land, part of a larger tract patented to Houston, conveyed 160 acres out of said 800 acres to him, said Samuel Hamilton, as early as 1814; that in 1815 or 1816 said Hamilton sold said land to John Wood and executed to him a bond for a conveyance; that he died in 1816 intestate having an only child, Agnes Wood, his heir; that many years ago she married and died, leaving said Jane Orahood and Rebecca Fruit her only children and heirs and they are equitably entitled to said land by

virtue of the title bond executed by said Hamilton to their grand-father, John Wood; that said bond was executed for a valuable con-sideration, all of which had long since been paid; and that said bond has been lost and can not now be found.

Appellants controvert in their answer the fact that Samuel Ham-ilton had any title to said land, deny that he ever sold any land to said Wood, and deny that Wood ever had such bond, or that any was lost, and deny every material allegation of the petition; they then allege that the land they claim and have in possession is their own, that they claim the same under two grants from the common-wealth to them dated the 9th day of April, 1858, one of Lewis Haff for 63 acres, and the other to John DeHaven, Jr., for 73 acres. The patents are filed as exhibits. When the surveys were made and the patents issued no one was in the actual possession of the land claiming under appellees nor had been for many years, if ever. Huff may have been in possession of the part covered by the patent to him, but the residue was unoccupied.

If it be conceded that the verification of Fruit, one of the plain-tiffs below, to a copy of the petition, in which it is stated that the bond on Hamilton was lost, be a sufficient affidavit to let in parol testimony, still where the execution of the writing was denied, as in this case, it was necessary to prove its execution, before proof of its contents was admissible. *Talton Embry v. Robert Miller,* 1 Mar. 300; *Calvert's Heirs v. Nichols' Heirs,* 8 B. Mon. 264.

Cooper, the only witness who speaks of a bond, was not pres-ent, and does not profess to know anything about its execution; he proves he saw a bond after Wood's death in the possession of his widow purporting to have been executed by Thomas Hamilton as agent for Samuel Hamilton; but he does not profess to know that Thomas Hamilton was authorized to execute the bond, nor that it was even signed by him, does not know how many acres of land it bound Hamilton to convey, but supposed it was for 150 acres from a deed he had in his possession; but he fails to tell what deed that was, and makes no exhibition of it. He does not know the price agreed to be paid for the land nor whether it had been paid. It appears from the evidence of Cooper that he lived on a part of the 800-acre tract claimed by Hamilton; was a neighbor to Wood at the time, it is claimed, he purchased the land, and was his brother-in-law. It is strange, therefore, that he never saw the bond in Wood's lifetime, and knew nothing about its execution.

No witness proves that the land sued for is the same land included in the bond set up by appellees. Cooper says he supposes it is the same land, but says he does not know the boundaries of either, and notwithstanding this uncertainty there is no survey of the land and the judgment rests alone on the conjectures of Cooper.

The possession was abandoned by the Hamiltons before Wood entered. His widow married a second husband, and in 1834 or 1835 she and her husband removed from the land to Illinois, leaving no one in possession, and no one to take charge of it, or to rent it out as Cooper proves; and from the death of Wood to the commencement of this suit on the 8th of February, 1868, a period of over fifty years, no effort was ever made to procure the legal title from Hamilton, except to send the bond to Illinois by one Kelly; and whether he ever presented it, or what he did with it, no witness speaks to give any information. It is not shown that Kelly is dead, and if living he might have produced the paper or given some satisfactory account of it.

And besides appellees failed to state in their petition that the names of the heirs of Samuel Hamilton were unknown to them, and to make affidavits as required by Sec. 90, Civil Code.

For the errors pointed out the judgment must be reversed and the cause remanded with directions to dismiss the petition.

*J. G. Haswell, for appellants.*

*Kinchloe, Eskridge, for appellees.*